IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS N. COATS, | ) | CASE NO. 3:11CV1017 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| EDWARD SHELDON, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner, Douglas N. Coats ("Petitioner" or "Coats"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 19, 2011. Doc. 1. Coats challenges the constitutionality of his conviction and sentence in *State v. Coats*, Case Nos. 05-CRM-77 and 05-CRM-78 (Mercer Cty. 2005). This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. For the following reasons, Coats' petition for writ of habeas corpus should be DENIED.

## I. Background

**A.    State Conviction**

In June 2005, in Case No. 05-CRM-77, the Mercer County Grand Jury indicted Coats on thirteen counts of gross sexual imposition involving a child under the age of 13 years in violation of Ohio Rev. Code § 2907.05(A)(4). Doc. 7, Exhibit 1. In addition, in June 2005, in Case No. 05-CRM-78, the Mercer County Grand Jury indicted Coats on one additional count of gross sexual imposition involving a second victim in violation of R.C. §2907.05(A)(4). Doc. 7, Exhibit 3. In August 2005, Coats entered pleas of not guilty to all counts in both indictments. Doc. 7, Exhibits 2 and 4.

1

Prior to trial, on September 28, 2005, Coats withdrew his not guilty pleas and entered pleas of guilty to three counts of gross sexual imposition in Case No. 05-CRM-77, ( Doc. 7, Exhibit 5) and to the one count of gross sexual imposition in Case No. 05-CRM-78. Doc. 7, Exhibit 6. The State then entered a *nolle prosequi* on the remaining counts. Doc. 7, Exhibit 7. The pleas were based on a negotiated plea agreement Coats entered into with the State on September 28, 2005, wherein the State agreed to recommend three year consecutive sentences on each of the three counts in Case No. 05-CRM-77, and a three-year prison term in Case No. 05-CRM-78, to be served concurrently to the sentence in Case No. 05-CRM-77, for an aggregate nine-year prison term. Doc. 7, Exhibits 7 and 8. The plea agreement also provided:

> POST RELEASE CONTROL. In addition, a period of supervision by the Adult Parole Authority after release from prison may be mandatory in this case. If I am sentenced to prison for a felony 1 or felony sex offense, after my release from prison I will have a mandatory 5 years of post release control under conditions determined by the Parole Board.

Docs. 7 & 8, p. 3.

Before accepting Coats' guilty pleas, the trial court conducted a full plea colloquy as required by Rule 11 of the Ohio Rules of Criminal Procedure:

> [Trial Court]: Despite the jointly recommended plea agreement I need to advise you of the maximum penalty that the court could impose. For each charge of gross sexual imposition, a felony of the third degree, you could be sentenced to five years in prison and be fined $ 10,000. Do you understand that[?]
>
> [Coats]: Yes, your Honor.
>
> [Trial Court]: So the maximum penalty for these four charges, three in Case No. 77 and one in Case No. 78, would be four times that or twenty years in prison plus a fine of $ 40,000. Do you understand that
>
> [Coats]: Yes, your Honor.
>
> * * *

2

> [Trial Court]: Are you now under the influence of any kind of medication, drugs, alcohol, or anything that would cause you not to understand what we're doing here today
>
> [Coats]: No, your Honor.
>
> * * *
>
> [Coats]: They've got me on some anti-depressant medicine, but that's not what you're talking about now. Right
>
> [Trial Court]: If that doesn't have any affect on you understanding what we're doing here today.
>
> [Coats]: Okay.

Doc. 8, Transcript of 9/28/2005 Change of Plea Hearing, pp. 7-11. At no time during the colloquy did the trial court advise Coats on the record that he would be subject to a mandatory term of post release control at the conclusion of his prison sentence. However, prior to the change of plea hearing, Coats signed waivers of his constitutional rights in both cases that provided, in relevant part:

> That if the Defendant is being sentenced for a felony of the first degree, or a felony of the second degree, for a felony sex offense, as defined in Section 2967.28 of the Revised Code, or for a felony of the third degree that is not a felony sex offense and in the commission of which the Defendant caused or threatened to cause physical harm to a person, that a period of post-release control pursuant to Section 2967.28 of the Revised Code will be imposed following the Defendant's release from prison.

Doc. 7, Exhibits 9 & 10.

On November 11, 2005, the trial court conducted a sex offender classification hearing and found that Coats was a sexual predator. Doc. 7, Exhibits 11 & 12. The trial court held a sentencing hearing on November 17, 2005. Doc. 7, Exhibits 13 & 14. Although the trial court accepted Coats' guilty pleas, it deviated from the recommended sentence of nine years in prison and sentenced Coats to an aggregate term of twelve years incarceration. Doc. 7, Exhibits 13 &

14. Specifically, the trial court sentenced Coats to a three-year prison term on each of the three counts in Case No. 05-CRM-77 and for the one count in Case No. 05-CRM-78, all to be served consecutively to each other, for a total of twelve years. Doc. 7, Exhibits 13 and 14. At the sentencing hearing, the trial also advised Coats that he would be subject to five years of post release control upon the conclusion of his prison sentence. Doc. 8, Transcript of 11/17/2005 Sentencing Hearing, pp. 24-25. However, the trial court's sentencing journal entry did not include the term of post release control. Doc. 7, Exhibits 13 and 14.

**B.** **Direct Appeal**

Coats did not file a timely appeal of his November 17, 2005 convictions to the Third District Court of Appeals for Mercer County. Instead, on April 20, 2007, approximately one year and 5 months after he was sentenced, Coats, pro se, filed notices of appeal in both cases, as well as motions for leave to file delayed appeals. Doc. 7, Exhibit 15, Case No. 10-07-07, and Exhibit 16, Case No. 10-07-08. On May 31, 2007, the court of appeals dismissed the appeal in Case No. 10-07-07 as untimely. Doc. 7, Exhibit 17. On June 21, 2007, the court of appeals dismissed the appeal in Case No. 10-07-08 as untimely. Doc. 7, Exhibit 18.

On July 12, 2007, Coats, pro se, filed notices of appeal to the Ohio Supreme Court. Doc. 7, Exhibit 19, Case No. 07-1249, and Exhibit 20, Case No. 07-1251. In his memorandums in support of jurisdiction, Coats presented the following assignments of error:

1. The Court of Appeals erred in denying the Appellant's motion for leave to appeal pursuant to App. R. 5(A), where Appellant satisfied the criteria for establishing sufficient reason(s) for his failure to timely file a notice of appeal; And, the Trial Court did not explain or review at the time of sentencing the Appellant's rights to an appeal; And, trial counsel was ineffective for failing to inform the Appellant at the time of sentencing, or after sentencing that he could file an appeal pursuant to O.R.C. § 2953.08(C); And, if Appellant wanted an appeal, he must file it within thirty (30) days.

    2. The Court of Appeals erred in denying the Appellant's motion for leave to appeal pursuant to App. R. 5(A), where Appellant showed by affidavit that he had not been advised by the Trial Court or counsel after the judgment of conviction was imposed.

    3. When the Trial Court's record does not indicate that the Trial Court advised the Defendant at the time of sentencing, that by entering a plea of guilty, that the Defendant was waiving his right to an appeal; a negotiated plea of guilty does not take away a Defendant's right to an appeal.

    4. The Court of Appeals erred in denying the Appellant's pro se motion for leave to appeal where the Appellant demonstrated that immediately following the judgment of conviction, that he was not represented by counsel, and being an indigent person, was not advised of his right to the appointment of counsel on appeal, nor that counsel could be appointed at state expense.

Doc. 7, Exhibits 21 & 22.  On August 13, 2007, the State filed its memorandums in opposition to jurisdiction.  Exhibits 23 & 24.  On October 24, 2007, the Ohio Supreme Court declined jurisdiction to hear the appeals and dismissed the appeals as not involving any substantial constitutional question.  Doc. 7, Exhibits 25 & 26.

**C.**    **Motion to Withdraw Guilty Pleas**

On July 31, 2008, Coats, pro se, filed a motion to withdraw his guilty pleas, arguing that his pleas were not knowingly, voluntarily, and intelligently entered because the trial court failed to advise him that it was not bound by the State's sentencing recommendation in the plea agreement and because it failed to advise him that he would be subject to a mandatory term of post release control upon the conclusion of his prison term.  Doc. 7, Exhibit 29.  On January 30, 2009, the trial court denied Coats' motion, finding the motion to be an untimely petition for post conviction relief and, in the alternative, that his claims were barred by res judicata because he failed to raise them prior or subsequent to sentencing or on direct appeal, and that he was aware that the trial court was not bound by the State's sentencing recommendation in the plea agreement.  Doc. 7, Exhibit 31.

On February 27, 2009, Coats, pro se, appealed the denial of his motions to withdraw his guilty pleas.  Doc. 7, Exhibit 32, Case No. 10-09-04, and Exhibit 33, Case No. 10-09-05.  The appeals were consolidated for briefing.  Doc. 7, Exhibit 34.  In his brief, Coats asserted the following assignment of error:

> The Trial Court erred in failing to grant a proper motion for withdrawal of plea, contrary to law and constitutional guarantees.

Doc. 7, Exhibit 35.  The State filed its brief on April 29, 2009.  Doc. 7, Exhibit 36.  On May 7, 2009, Coats filed a reply brief.  Doc. 7, Exhibit 37.  On July 20, 2009, the court of appeals remanded the case to the trial court for resentencing, finding that the trial court's failure to include a five-year term of post release control in the sentencing entry rendered Coats' sentence void, and therefore, required a de novo resentencing hearing.  The court of appeals also found that Coats' claim that the trial court erred in denying his motion to withdraw his guilty pleas was barred by res judicata.  Doc. 7, Exhibit 38.   In summarily addressing the merits of Coats' claim, the court of appeals found that the trial court conducted a full plea colloquy as required by Rule 11 of the Ohio Rules of Criminal Procedure, and that Coats' pleas were knowingly, intelligently, and voluntarily given.  Doc. 7, Exhibit 38.

**D.**     **Second Motion to Withdraw Guilty Pleas**

On November 13, 2009, prior to his resentencing, Coats, now represented by attorney Daniel Myers, filed a second motion to withdraw his guilty pleas, again arguing that his pleas were not knowing, intelligent, and voluntary because he was not properly notified of the mandatory term of post release control.  Doc. 7, Exhibit 39.  On February 4, 2010, after two hearings, the trial court denied Coats' motion, holding that Coats' guilty pleas were voluntarily given and also that he was sufficiently aware of post release control per the plea agreements. Doc. 7, Exhibit 46.  On February 17, 2010, the trial court resentenced Coats in both cases to the

6

same aggregate term of twelve years incarceration: three years on each count in Case No. 05-CRM-77 and the one count in Case No. 05-CRM-78, to be served consecutively to each other. Doc. 7, Exhibits 47 & 48; *see also* Exhibit 59, Transcript of 2/10/2010 Resentencing Hearing. The trial court also advised Coats of the mandatory term of five years post release control. *Id.*

On February 22, 2010, Coats, pro se, filed timely notices of appeal to the Third District Court of Appeals. Doc. 7, Exhibit 49, Case No. 10-10-05, and Exhibit 50, Case No. 10-10-06. On April 22, 2010, Coats, now represented by attorney Joseph A. Benavidez, filed a motion to consolidate the appeals and the court consolidated the appeals for briefing. Doc. 7, Exhibits 51 and 52. In his consolidated brief, Coats asserted the following assignment of error:

> The trial court committed an abuse of discretion by not permitting the Appellant to withdraw a previously tendered plea of guilty prior to sentencing.

Doc. 7, Exhibit 53. The State filed its brief on June 16, 2010. Doc. 7, Exhibit 54. On October 4, 2010, the court of appeals issued a decision affirming the judgment of the trial court. Doc. 7, Exhibit 55.

On November 15, 2010, Coats, pro se, filed a timely notice of appeal to the Ohio Supreme Court. Doc. 7, Exhibit 56. In his memorandum in support of jurisdiction, Coats asserted the following proposition of law:

> The doctrine of res judicata cannot bar withdrawal of guilty pleas when a sentence has been found to be void.

Doc. 7, Exhibit 57. The State did not file a brief. On March 2, 2011, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. Doc. 7, Exhibit 58.

**F.  Federal Habeas Corpus**

On May 19, 2011, Coats, pro so, filed the instant petition for writ of habeas corpus. Doc. 1. In his petition, Coats asserted the following ground for relief:

>**Ground One:** Petitioner has been denied the equal protections of law, and due process by the lower courts [sic] failure to grant withdrawal of plea.
>
>**Supporting Facts:** Upon remand for a void sentence, Coats moved for withdrawal of his changed pleas of guilt with supportive means of actual innocence. The state courts failed to apply equal protection of laws when cases similar were granted relief upon weaker supported claims. Further, Coats was denied due process when he was not granted a full and fair hearing upon his claims, whereas he would have provided supportive means of his claim.

Doc. 1, p. 5. On November 15, 2011, Respondent filed his Answer/Return of Writ. Doc. 7. On December 9, 2011, Coats filed his Traverse. Doc. 9.

## II. Law & Analysis

**A.     Coats' Petition is Not Barred by the One-Year AEDPA Statute of Limitations**

Respondent argues that Coats' sole ground for relief is time-barred under 28 U.S.C. § 2244(d)(1)(A). Doc. 7, pp. 13-18. Under § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review. Under 28 U.S.C. § 2244(d)(2), the running of the limitations provision is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Respondent asserts that Coat's sole ground for relief is barred by the AEDPA statute of limitations because he was required to bring challenges to his underlying conviction within one year of the conclusion of direct review of the original sentencing decision. Doc. 7, pp. 14-18. Respondent cites the Sixth Circuit's holding in *Bachman v. Bagley,* 487 F.3d 979 (6th Cir. 2007) in support of this assertion, explaining that Coats's conviction became final on December 17, 2005, 30 days after the trial court imposed his original sentence, because Coats failed to take any action to challenge his conviction. *Id.* Respondent contends that Petitioner therefore had one

year from December 17, 2005, or until December 17, 2006, in which to file his federal habeas corpus petition. *Id.*

In response, Coats argues that, pursuant to *Burton v. Stewart,* 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (per curiam), his conviction did not become final until he was resentenced on February 17, 2010, and that the statute of limitations did not start until after the conclusion of his appeals from the resentencing entry. Doc. 9, pp. 3-4.

Coats was originally sentenced on November 17, 2005, and he did not file a direct appeal until one year and five months later, on April 20, 2007, which was dismissed as untimely. A judgment becomes final under § 2244(d)(1)(A) upon conclusion of direct review or expiration of the time for seeking direct review of the conviction and sentence. However, when a federal habeas petitioner has been sentenced more than once, as is the case here, federal courts have approached the date of finality differently.

In *Bachman,* the Sixth Circuit held that the beginning of the one-year statute of limitations period in federal habeas corpus cases under § 2244(d)(1)(A) is determined based upon the content of each of the grounds for relief presented. *Bachman,* 487 F.3d at 982. The Sixth Circuit therefore concluded that the petitioner's designation as a sexual predator "started the running of a [new] statute of limitations period with respect to challenges to the sexual predator designation only not with respect to challenges to his underlying conviction, such as those raised in the habeas petition at issue here." *Id.* at 983–984. In reaching that decision, the Sixth Circuit disagreed with *Walker v. Crosby,* 341 F.3d 1240 (11th Cir. 2003), in which the Eleventh Circuit found that, "where a habeas petition brings multiple claims, including a challenge to a resentencing decision, that resentencing restarts the statute of limitations period for *all* of the claims in a habeas petition, including those that arise from the original conviction."

*Bachman,* 487 F.3d at 984 (citing *Walker,* 341 F.3d at 1246) (emphasis in original). The Sixth Circuit reasoned that *Walker* contradicted binding Sixth Circuit precedents, which dictate that "courts determine the beginning of the one-year statute of limitations based on the content of the prisoner's claim." *See id.* (citing *Linscott v. Rose,* 436 F.3d 587 (6th Cir. 2006), and *DiCenzi v. Rose,* 452 F.3d 465 (6th Cir. 2006)).

However, in *Bachman*, when the Sixth Circuit addressed the specific question of whether a resentencing determination affects the finality of a judgment of conviction for statute of limitations purposes, it did not discuss the Supreme Court's decision in *Burton v. Stewart,* 549 U.S. 147.[1] In *Burton,* the petitioner was first convicted and sentenced in 1994, then resentenced in 1996, and again resentenced in 1998. *Id.* at 149–51. In December 1998, the petitioner filed his first federal habeas petition challenging aspects of his conviction that remained the same for all three judgments. That filing came after his 1998 judgment had been entered but before it became final. Then, after the 1998 judgment became final, the petitioner filed a second federal habeas petition challenging his 1998 sentence. The petitioner alleged that he should have been permitted to present two distinct habeas petitions because each petition challenged a different judgment. *Id.* at 155. The Supreme Court rejected the petitioner's argument, finding that the resentencing judgment was the only relevant judgment for purposes of determining the statute of limitations under § 2244(d)(1)(A). *Id*. at 156. The Court further explained that, under § 2244(d)(1)(A), "a final judgment in a criminal case means sentence. The sentence is the judgment." *Id*. Accordingly, the Supreme Court held that the statute of limitations did not begin until the petitioner's conviction and resentencing became final. *Id*. at 156-57.

---

[1] The Sixth Circuit issued the decision in Bachman on May 18, 2007, over four months after the Supreme Court's January 9, 2007 opinion in *Burton*. *Bachman,* 487 F.3d at 979; *Burton,* 549 U.S. at 147.

In light of *Burton,* several courts within the Sixth Circuit have questioned *Bachman's* precedential value and other courts have abandoned the claim by claim approach when determining the limitations period in resentencing cases.  *See, e.g., Simmons v. Gansheimer,* No. 1:08CV1166, 2010 WL 6783820, at * 8 (N.D. Ohio Nov.19, 2010) (collecting cases); *Bennett v. Wolfenbarger,* No. 2:10CV11054, 2010 WL 2231798 (E.D. Mich. June 2, 2010) (questioning whether *Bachman* has been undermined by *Burton*); *Johnson v. Warden,* No. 1:09CV336, 2010 WL 2889056 (S.D. Ohio June 23, 2010) (finding that the Sixth Circuit's discussion in *Bachman* about the effect of resentencing no longer carries precedential weight).

Based on the holding in *Burton*, for purposes of the AEDPA, the term "judgment" includes both the *conviction* and the *sentence*.  A resentence thus constitutes a new "final judgment" because the sentence is the judgment.  *See Burton*, 549 U.S. at 156 (citing *Berman v. United States,* 302 U.S. 211, 212 (1937)).  As such, a habeas petitioner who files his first or sole habeas petition after he is resentenced may properly include all claims from the underlying conviction in that petition, since his criminal case did not end, thereby triggering the statute of limitations clock, until sentencing was completed.  Therefore, contrary to Respondent's contention, the statute of limitations did not begin to run in this case until the trial court's February 17, 2010,  resentencing decision became final by the conclusion of direct review or expiration of time for seeking such review.  The Ohio Supreme Court dismissed Coats' appeal challenging the trial court's February 17, 2010 resentencing determination on March 2, 2011.  Consequently, Coats' conviction and sentence became final on May 31, 2011, when the 90-day period expired for filing a petition for writ of certiorari to the Supreme Court.  As such, the statute of limitations began running one day later, on June 1, 2011, and expired on June 1, 2012.  Coats filed his habeas petition on May 19, 2011, and it is therefore timely under the AEDPA.

**B.     Coats has Procedurally Defaulted his Sole Ground for Relief** [2]

In the alternative, Respondent argues that Coats has waived federal habeas review of his sole ground for relief because he did not fairly present it to the Ohio courts and it is now procedurally defaulted. In response, Coats asserts that his claim is properly before this Court.

A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

In situations in which a petitioner has failed to fairly present federal claims to the state courts and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted. *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir. 2002).

---

[2] Coats raises three additional grounds for relief for the first time in his Traverse, i.e., ineffective assistance of trial and appellate counsel, breach of contract, and "lack of post release control notice affects a substantial right." Doc. 9. This is improper. Arguments raised for the first time in a Traverse are not properly presented to the district court and are deemed waived. *Tyler v. Mitchell,* 416 F.3d 500, 504 (6th Cir. 2005) ("Because the penalty-phase insufficiency argument was first presented in Tyler's traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it. Nor is the issue properly before this court." (citations omitted)); *see also Jackson v. Duckworth,* 112 F.3d 878, 880 (7th Cir. 1997) ("Because a traverse is not the proper pleading to raise additional grounds for relief, we find that Jackson has not advanced a cognizable equal protection claim." (citation omitted) (internal quotation marks omitted)); *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."), *cert. denied,* 514 U.S. 1026, 115 S.Ct. 1378, 131 L.Ed.2d 232 (1995); *Delgadillo v. Woodford,* 527 F.3d 919, 930 n. 4 (9th Cir. 2008) ("Arguments raised for the first time in Petitioner's reply brief are deemed waived."). Accordingly, the undersigned declines to address the new grounds for relief raised for the first time by Coats in his Traverse.

While in such situations the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the petitioner's failure to have the federal claims considered in the state courts results in a procedural default of those claims that bars federal court review. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006).

In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit established a four-part test to determine whether a claim is procedurally defaulted. This test requires federal habeas courts to determine: (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state court actually enforced the state procedural rule, (3) whether the state procedural rule was an "independent and adequate" state ground on which the state could rely to foreclose review of a federal constitutional claim, and (4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39.

As discussed above, in his sole ground for relief, Coats argues that the trial court should have permitted him to withdraw his guilty pleas because they were not knowingly, voluntarily, and intelligently entered. Coats could have asserted this claim in a timely direct appeal, but he did not. Instead, he waited one year and five months after he was sentenced to file his appeal, which the state court of appeals dismissed as untimely. Coats then asserted his claim in his motions to withdraw his guilty pleas, which the trial court denied, *inter alia,* because the claim was barred by res judicata since Coats did not assert it on direct appeal. Doc. 7, Exhibit 31. The state court of appeals affirmed the trial court's decision and also concluded that Coats' claim regarding the validity of his guilty pleas was barred by res judicata. Doc. 7, Exhibit 38. Based on these facts, it is clear that the *Maupin* test is satisfied here. Coats did not properly raise his claim challenging the validity of his pleas on direct appeal. Further, when Coats attempted to

raise the claim in his motions to withdraw his guilty pleas, both the state trial court and court of appeals actually enforced the state procedural rule that such claims were only appropriately raised on direct appeal and were therefore barred by the doctrine of res judicata. The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata* is an adequate ground for denying federal habeas relief. *See, e.g., Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (finding that "Ohio's doctrine of *res judicata* as a procedural bar is regularly applied by the Ohio courts"). The doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused to review the merits of claims in reliance on that doctrine. *See State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169 (1982); *State v. Ishmail,* 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981). Thus, the first three factors of the *Maupin* test are met and Coats' sole ground for relief is procedurally defaulted unless he can show cause for the default and actual prejudice.

Coats argues that his procedural default should be excused because of ineffective assistance of trial counsel. Doc. 9, p. 3. To constitute cause, Coats' ineffective assistance of counsel claim also must have been preserved for habeas review. *Edwards v. Carpenter,* 529 U.S. 446, 452–53, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (finding that ineffective assistance of counsel cannot serve as cause to excuse a procedural default if that claim itself has been procedurally defaulted). In this case, Coats' ineffective assistance of counsel claim is also procedurally defaulted and cannot serve as cause to excuse his procedural default of his sole ground for relief because Coats did not properly raise this issue on direct appeal. Rather, Coats raised his ineffective assistance of trial counsel claim for the first time in his appeal to the Ohio Supreme Court. Doc. 7, Exhibits 21 & 22.

The *Maupin* test is also satisfied with regard to Coats' ineffective assistance of counsel claim.  Coats failed to follow a state procedural rule because he did not present his ineffective assistance of counsel claim to the state court of appeals.  The "Ohio Supreme Court has stated that it will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals." *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) (citing *State v. Phillips*, 27 Ohio St.2d 294, 272 N.E.2d 347 (1971)).  The Ohio Supreme Court denied Coats leave to appeal and dismissed his claims.  Doc. 7, Exhibits 25 & 26.  Although the Ohio Supreme Court did not explain the reason for dismissal, it is presumed that the court intended to enforce its own procedural bar and dismissed the claim because Coats failed to raise the claim in the state court of appeals.  *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996) (where there were no state court decisions rejecting the petitioner's due process claim, the reviewing court could assume that, if the state court had addressed petitioner's due process claim, it would not have ignored its own procedural rules and would have enforced the procedural bar).  The Ohio Supreme Court's refusal to consider criminal constitutional questions raised for the first time in the Ohio Supreme Court is "an established rule of long standing."  *Carnail v. Bagley*, No. 1:02CV1411, 2006 U.S. Dist. LEXIS 46426, at *7 (N.D. Ohio July 3, 2006) (citing *Leroy,* 757 F.2d at 99).  This rule is an adequate and independent ground to support the dismissal of the appeal.  *Id.*; *see Maupin,* 7895 F.2d at 138.  Accordingly, Coats' claim of ineffective assistance of trial counsel cannot serve as cause for the procedural default of his claim regarding the validity of his pleas because his ineffective assistance of counsel claim is also procedurally defaulted.

Coats also asserts breach of contract as cause for his procedural default but fails to explain this argument in any further detail.  Doc. 9, p. 3.  It is unclear what contract is at issue (presumably the plea agreement), how the contract was breached, or how the breach prevented

Coats from timely asserting his claim regarding the validity of his pleas on direct appeal. It is not the Court's function to find law to support Coats' conclusory and undeveloped argument. *See, e.g., McPherson v. Kelsey,* 125 F.3d 989, 995–996 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citations omitted). Thus, Coats has waived his argument that breach of contract is cause for his procedural default.

Finally, Coats argues that his procedural default should be overlooked because he is actually innocent. Doc. 9, p. 3. In order to overcome a procedural bar to habeas review based on a claim of actual innocence, the petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" based on "*new reliable evidence . . . that was not presented at trial.*" *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L. Ed. 2d 909 (1995) (emphasis added). A claim of actual innocence "is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). The exception is "rare" and is to be applied only in the "extraordinary case" where the "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine the confidence in the result of the trial." *Schlup*, 513 U.S. at 317, 321. A petitioner must prove that new reliable evidence establishes his or her innocence by a more-likely-than-not standard. *Souter v. Jones*, 395 F. 3d 577, 602 (6th Cir. 2005).

In this case, Coats has not offered any new evidence to show that he is actually innocent. For a claim of actual innocence to excuse a procedural default, proof of innocence must be established by new evidence not available at trial. *Schlup*, 513 U.S. at 327; *see also Ross v.*

*Berghuis* 417 F.3d 552, 556 (6th Cir. 2005); *Jones v. Smith*, Case No. 5:09 CV 16222010, U.S. Dist. LEXIS 124123, at *15 (N.D. Ohio Aug. 27, 2010).  Coats' claim of actual innocence is therefore without merit and does not excuse his procedural default of his claim regarding the validity of his guilty pleas.

Based on the foregoing, Coats has failed to establish cause for his procedural default of his sole ground for relief.  Consequently, the four factors in *Maupin* are satisfied and Coats' sole ground for relief should be denied.

### III.  Conclusion and Recommendation

For all of the reasons stated above, the undersigned Magistrate Judge concludes that Coats has procedurally defaulted his sole ground for relief.  Accordingly, the Court should DENY Coats' petition for writ of habeas corpus and DISMISS this action with prejudice.

Dated: August 20, 2012

/s/ Kathleen B. Burke
Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).