UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS COATS | ) | Case No. 3:11CV1017 |
| | ) | |
| Petitioner | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD SHELDON, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent | ) | |
| | ) | |

This matter appears before the Court on Petitioner Douglas Coats's objections to the

Magistrate Judge's Report and Recommendation, which were filed on September 10, 2012.  For

the following reasons, Coats's objections are DENIED.

## I. INTRODUCTION

Petitioner, Douglas Coats, commenced this action with the filing of a Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated after pleading guilty to

three counts of gross sexual imposition. Petitioner asserts that the trial court erred by denying his

motion to withdraw his guilty plea. This matter has been fully briefed and Magistrate Judge

Kathleen Burke issued her Report and Recommendation recommending that the Petition for a

Writ of Habeas Corpus be dismissed in its entirety.  Petitioner objected to the magistrate judge's

Report and Recommendation.

## II. STANDARD OF REVIEW

If a party files written objections to a magistrate judge's Report and Recommendation

this Court must perform a *de novo* review of "those portions of the report or specified proposed

findings or recommendations to which objection is made.  A judge of the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 28 U.S.C. 636(b)(1)(C).

### III. LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's review of the instant case.  This is because Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after the act's effective date of April 26, 1996.  *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).  The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus.  The AEDPA provides:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. 2254(d).  In *Bailey v. Mitchell*, the Sixth Circuit Court of Appeals offered the following guidelines for applying the AEDPA limitations:

> A.     Decisions of lower federal courts may not be considered.
>
> B.     Only the holdings of the Supreme Court, rather than its dicta, may be considered.
>
> C.     The state court decision may be overturned only if:
>
> > 1.     It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;
> >
> > 2.     the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and

nevertheless arrives at a result different from [Supreme Court] precedent;' or

3.  'the state court identifies the correct governing legal rule from [the Supreme Court's cases but unreasonably applies it to the facts of the particular state prisoner's cases;]' or

4.  the state court 'either unreasonably extends a legal principles from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.  Throughout this analysis the federal court may not merely apply its own views of what the law should be.  Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.  Findings of fact of the state courts are presumed to be correct.  'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

The Court has conducted a *de novo* review of the magistrate judge's Report and Recommendation and adopts the Report and Recommendation in its entirety.

Petitioner originally stated the following ground for relief:

Ground One: Petitioner has been denied the equal protections of law, and due process by the lower courts [sic] failure to grant withdrawal of plea.

The magistrate judge found Petitioner has procedurally defaulted on his sole ground for relief because he did not fairly present it to the Ohio courts.  As explained in the Report and Recommendation, Petitioner could have asserted this claim in a timely direct appeal, but instead, he failed to appeal until one year and five months after he was sentenced.  Petitioner's direct appeal was dismissed as untimely. Petitioner's objection to the magistrate judge's Report and

Recommendation states that the objection is based on "errors of fact in the case matter," but the objection fails to identify any such errors of fact.

Moreover, Magistrate Judge Burke has already addressed each of Petitioner's reasons why his procedural default should be excused. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* Such "general objections" are a duplication of time and effort and a waste of judicial resources, as they do not serve the purposes of Federal Rule of Civil Procedure 72(b). *Cvijetinovic v. Eberlin*, 617 F.Supp.2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). The Court is not required to perform a duplicative review of Petitioner's "objections" that fall outside the purpose of Federal Rule of Civil Procedure 72(b).

## IV. CONCLUSION

For the reasons set forth herein, this Court finds no merit to the Petitioner's Objections. Therefore, Petitioner's objections are OVERRULED. The Court has reviewed the Report and Recommendation, and having found it legally and factually accurate, ADOPTS Magistrate Judge Burke's Report and Recommendation in its entirety. The Petition for Writ of Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

DATE: February 7, 2013          /s/ John R. Adams
                                Judge John R. Adams